IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HOWARD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

STUART D. HOWARD, APPELLANT.

Filed August 26, 2025.    No. A-24-907.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Michael T. Hilgers, Attorney General, Teryn Blessin, and Danielle Jewell, Senior Certified Law Student, for appellee.

RIEDMANN, Chief Judge, and MOORE and FREEMAN, Judges.

MOORE, Judge.

### INTRODUCTION

Stuart D. Howard appeals from his plea-based conviction in the district court for Lancaster County of one count of attempt to deliver; manufacture; or with intent to deliver a controlled substance, and two counts of possession of a controlled substance. Howard claims on appeal that he was denied the effective assistance of trial counsel and that the district court abused its discretion by imposing an excessive sentence. We affirm.

### STATEMENT OF FACTS

Howard was charged by complaint in Lancaster County Court with one count of deliver or with intent to deliver a controlled substance (fentanyl), a Class II felony; three counts of deliver, manufacture, or with intent to deliver a controlled substance (hydrocodone, oxycodone, and marijuana, respectively), Class IIA felonies; one count of possession of money to be used violating

- 1 -

Neb. Rev. Stat. 28-416(1) (Cum. Supp. 2024), a Class IV felony; and one count of child abuse, a Class IIIA felony. The case was subsequently bound over to district court where Howard was charged by information with identical counts.

Pursuant to a plea agreement, Howard pled no contest to one count of attempt to deliver, manufacture, or with intent to deliver a controlled substance (marijuana), a Class IIIA felony; and two counts of possession of a controlled substance (fentanyl and oxycodone), Class IV felonies. An amended information reflecting these charges was filed.

The district court thoroughly advised Howard of his various constitutional rights, and Howard affirmatively indicated that he understood his rights and that he was freely and voluntarily waiving his rights. The court explained to Howard the possible penalties associated with a Class IIIA and Class IV felony, which Howard indicated he understood. The court also noted that it had the discretion to sentence him to either consecutive or concurrent sentences.

The State provided the factual basis for the charges. Investigators with the Lincoln Police Department received information that Howard was selling fentanyl pills from a residence in Lincoln and thereafter began surveilling the residence. Investigators observed a vehicle leave the residence and that vehicle was ultimately searched as part of a traffic stop. The search produced "tramadol pills, a Schedule 4 controlled substance, and a baggie with fentanyl pills."

Investigators continued surveilling the residence while a search warrant was sought. During that time investigators saw Howard leave the residence in a different vehicle which later committed an improper turn. While following the vehicle, investigators observed what they believed to be a "hand-to-hand drug deal" conducted by Howard. Investigators then contacted Howard. A search of Howard revealed that he had a small amount of marijuana and $1,255 in U.S. currency on his person.

Investigators then served the search warrant on the residence. Inside a kitchen cabinet, investigators found 76.5 grams of marijuana, three oxycodone pills, 40 hydrocodone pills, 206 grams of "various THC products," as well as digital scales and other paraphernalia items. In Howard's bedroom, investigators located 36 oxycodone pills, eight suspected fentanyl pills, 12 "MDMA pills," and $3,900 of U.S. currency. Investigators located proof of occupancy for the residence in Howard's bedroom.

The seized substances were sent off for testing and returned lab reports indicated that the substances were marijuana, fentanyl, and oxycodone.

The district court found beyond a reasonable doubt that Howard fully understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charges set forth in the amended information and the consequences of his plea; that his plea was made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea. The court accepted the plea and found Howard guilty beyond a reasonable doubt of the charges.

At the sentencing hearing, the district court stated that it had reviewed the completed presentence investigation report (PSR), and it heard remarks from counsel and Howard. The court sentenced Howard to a term of 36 months' imprisonment and 18 months' post-release supervision for the count of attempt deliver, manufacture, or with intent to deliver controlled substance; and to a term of 20 months' imprisonment for both counts of possession of a controlled substance. The

court ordered the sentences to be served consecutively and granted Howard 175 days credit for time served.

Howard appeals.

## ASSIGNMENTS OF ERROR

Howard assigns that (1) his "plea was the result of ineffective assistance of his trial counsel" and (2) the district court erred by imposing an excessive sentence. Brief for appellant at 7.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

## ANALYSIS

*Ineffective Assistance of Counsel.*

Howard first claims that his plea was the result of ineffective assistance of his trial counsel. In his argument section, he contends that his trial counsel was ineffective in advising that a motion to suppress had no chance of success and in failing to re-file such a motion after withdrawing the previous motion to suppress.

The Nebraska Supreme Court has made it abundantly clear since its decision in *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. See *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024) (citing numerous instances of adherence to this principle). See, also, *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020) (ineffective assistance of counsel claim not considered when assigned error did not specify counsel's deficient performance, even though argument section of brief discussed claims in detail).

Because Howard has failed to comply with the principles of *Mrza*, his ineffective assistance of trial counsel claim was not sufficiently alleged, and we do not address this claim further.

*Excessive Sentence.*

Howard also claims that the district court abused its discretion when it imposed an excessive sentence.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. See, also, *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (sentencing court is accorded very wide discretion in imposing sentence). Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023).

Howard was sentenced to 36 months' imprisonment and 18 months' post-release supervision for the attempt to deliver; manufacture; or with intent to deliver a controlled substance charge, a Class IIIA felony; and 20 months' imprisonment for both possession of a controlled substance charges, Class IV felonies. A Class IIIA felony is punishable by up to 3 years' imprisonment and up to 18 months' post-release supervision, and a Class IV felony is punishable by up to 2 years' imprisonment and up to 12 months' post-release supervision. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Thus, Howard's sentences were within the statutory limits.

Howard nevertheless claims that the district court abused its discretion, arguing that the court failed to consider his health, the circumstances of his substance abuse issues, the lack of violence involved in the offenses, his remorse, and how his imprisonment would affect his daughter. Howard contends that the court should have imposed concurrent sentences.

The PSR shows that Howard was 58 years old at the time the report was prepared, has a 10th grade education, and was single with four dependents, including a baby daughter in foster care. His criminal history from 1985 to 2009 includes charges in Michigan of improper possession of a firearm in or upon a motor vehicle, larceny, retail fraud, carrying a concealed weapon, and assault. In 2009, Howard was charged in Nebraska with manufacture or with intent to deliver controlled substance, for which he was sentenced to a term of 10 to 14 years' imprisonment; in 2016, he was charged with third degree domestic assault, for which he was sentenced to 8 months' incarceration; and in 2017, he was charged with operate motor vehicle to avoid arrest, attempt possession of a controlled substance, and a "DUI," for which he was sentenced to 365 days' imprisonment, 12 months' post-release supervision, 2-year license suspension, and a term of house arrest. On the Level of Service/Case Management Inventory, Howard scored in the overall very high risk to reoffend category.

Howard reported that he was in a car accident in 2020, which resulted in a back injury and ruptured vertebrae, and for which he sought medical treatment from 2022 to 2023. During his arrest in December 2023, his shoulder was injured while law enforcement was handcuffing him. The PSR contains medical records regarding this injury referencing a "labral tear." Howard had

shoulder surgery in July 2024. He reported that he continues to struggle with back, shoulder, and knee pain.

Attached to the PSR was an April 2024 co-occurring evaluation in which Howard participated through a juvenile case involving his daughter. During the evaluation, Howard reported that he began drinking alcohol and smoking marijuana at age 12 and began smoking crack cocaine at age 18. At age 56, roughly 2 years before his arrest, Howard began to misuse his prescription opiates, initially prescribed to him as pain medication following a knee surgery. He reported that he would "double up" the medication and that because he would run out of his prescription medication after a couple of weeks, he would purchase opiates off the streets to supplement until he was able to refill his prescription. The evaluation diagnosed Howard with major depressive disorder; post-traumatic stress disorder; severe opiate use disorder; moderate cannabis use disorder; moderate alcohol use disorder; and severe cocaine use disorder in sustained remission. During the PSR interview, Howard stated, "I'm not a dealer. I was a functioning user."

At the sentencing hearing, the district court indicated that it had reviewed letters from Howard and his trial counsel, which were attached to the PSR. In Howard's letter, he states that he "accept[ed] full responsibility for the charges" and asked that the court consider his "sincere apology for [his] actions." The court also indicated that it had reviewed the statutory factors as well as the full PSR, which contained the mitigating factors argued by Howard. The court found that imprisonment of Howard was necessary for the protection of the public because the risk was substantial that during any period of probation Howard would engage in additional criminal conduct, and because a lesser sentence would depreciate the seriousness of Howard's crime and promote disrespect for the law.

We find no abuse of discretion by the district court in the sentences imposed.

## CONCLUSION

Howard's claim of ineffective assistance of trial counsel is not sufficiently alleged. The district court did not abuse its discretion in the sentence imposed. Howard's convictions and sentences are affirmed.

AFFIRMED.